UNITED STATES DISTRICT COURT
DISTRICT OF THE STATE OF IDAHO

U.S. COURTS

JUL 1 0 2025

Rcvd_____Filed_____time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

**Camber Head,**
Plaintiff,

v.

**Kootenai County, Idaho; City of Coeur d'Alene; Idaho State Police**
**M.Lazzareto, C.Culnane; Jeanne Howe,**
Defendants.

**COMPLAINT FOR DAMAGES**
(42 U.S.C. § 1983 – Civil Rights Violations)

## I. INTRODUCTION

1. This is a civil action under 42 U.S.C. § 1983 for deprivation of Plaintiff's constitutional rights, including under the Fourth and Fourteenth Amendments, as a result of excessive force, denial of medical care, retaliation, and other misconduct committed under color of state law.

## II. JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

3. Venue lies in this district under 28 U.S.C. § 1391(b), as the events occurred here.

## III. PARTIES

4. **Plaintiff — Camber Head**, an individual and resident of Kootenai County, Idaho.

5. **Defendant — Kootenai County, Idaho**, a municipal government entity.

1

6. **Defendant — City of Coeur d'Alene**, a **municipality** that operates and oversees the police department.

7. **Defendant — Idaho State Police, M.Lazzareto, C.Culnane** a state law enforcement agency.

8. **Defendant — Attorney Jeanne Howe**, licensed in Idaho, whose acts are alleged in professional malpractice and fiduciary breach.

## IV. VERIFIED STATEMENT OF FACTS

- On June 29, 2025, at approximately 7:30 AM, my friend was driving my mother's motor vehicle when he was pulled over by a sheriff, without being given a legal reason for the stop.
- During the stop, the officer immediately asked my friend "where" I was, suggesting the stop was based on my association rather than any traffic or legal violation.
- The officer's behavior implied an accusation of theft, and dishonesty despite there being no legitimate basis for such a claim.
- A few days prior to this traffic stop, deputies from the sheriff's office came to my apartment and spoke with my neighbor.
- The following day, a sheriff's deputy went to my parents' home, again without any clear reason or prior notice.
- (August 20, 2024) Following a single-vehicle accident, Plaintiff sustained a concussion and lacerated eyelid.
- On-scene responders and Plaintiff requested emergency hospital care.
- Peace officers insisted Plaintiff perform roadside field sobriety tests despite visible injury and repeated cries of disorientation and pain.
- Denied proper medical examination and treatment at Kootenai Health due to police intimidation
- When the peace officer found out the Dr. wanted to put the plaintiff under for delicate eye surgery. When the peace officer found out he yelled "shit" and talked the Dr. out of proper care and procedures
- Plaintiff's requests to recognize her injury and expedite care were ignored.

2

- Despite a doctor nearly releasing Plaintiff without examining her injured eyelid, a nurse intervened. Plaintiff endured a six-hour wait for suturing—awake and in pain.
- Immediately after suturing, Plaintiff was arrested. At booking, the officer slammed her head against a wall while she explained her inability to lean on the pad, worsening her injuries.

## V. MONELL ALLEGATIONS: PATTERN OF MISCONDUCT

14. The above-described misconduct reflects a longstanding pattern and custom within Kootenai County, Coeur d'Alene Police Department, and Idaho State Police of using excessive force, denying or delaying care, retaliatory treatment of injured arrestees, and failing to adequately train, supervise, or discipline officers.

Such practices amount to deliberate indifference to detainees' constitutional rights, meeting the Monell standard. In *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978), the Supreme Court confirmed that municipalities are liable when an official policy or custom causes constitutional violations.

Further, under *City of Canton v. Harris*, 489 U.S. 378 (1989), municipalities may be held accountable for constitutional violations resulting from inadequate training where such deficiencies reflect "deliberate indifference" to individuals' rights.

Similarly, *Vineyard v. County of Murray*, 990 F.2d 1207 (11th Cir. 1993), upheld municipal liability where a county's failure to supervise, train, and discipline led to excessive force against a detainee. The foregoing conduct repeated failure to address visible injuries, ignoring medical needs, officers' hostile or retaliatory actions, and absent or deficient training programs demonstrates deliberate indifference tantamount to official policy, and directly caused Plaintiff's harm in this case.

## VI. CLAIMS FOR RELIEF

**COUNT I** *42 U.S.C. § 1983 – Fourth & Fourteenth Amendment Violations by Excessive Force and Denial of Medical Care*

15. Plaintiff Camber Head was subjected to acts of excessive force and deliberate indifference to serious medical needs by officers of the Coeur d'Alene Police Department and Idaho State Police, all acting under color of state law. Plaintiff had suffered head trauma, facial lacerations, and visible injuries during a motor vehicle accident. Despite her repeated pleas for urgent medical attention and visible symptoms of traumatic injury, including disorientation and an open eye wound, Defendants intentionally delayed and interfered with her access to medical care.

16. The conduct of Defendants including compelling a visibly injured woman to perform field sobriety tests, intimidating medical personnel, refusing to maintain officer body cameras, and physically slamming Plaintiff's head into a wall during booking constitutes cruel and unusual punishment in violation of the Eighth Amendment, as interpreted in *Estelle v. Gamble*, 429 U.S. 97 (1976). The Eighth Amendment's prohibition on "unnecessary and wanton infliction of pain" has been extended to apply to pretrial detainees via the Fourteenth Amendment.

17. Additionally, Defendants' use of physical force against Plaintiff during booking despite her clearly stated medical limitations was objectively unreasonable and in violation of her Fourth Amendment rights to be free from excessive force.

18. Collectively, these acts resulted in physical injury, extreme emotional distress, and the deprivation of constitutional rights under the Fourth, Eighth, and Fourteenth Amendments.

**COUNT II – Monell Liability under 42 U.S.C. § 1983**
**(Against Kootenai County and Coeur d'Alene Police Department)**

19. Defendants Kootenai County and the Coeur d'Alene Police Department are liable for the constitutional violations inflicted upon Plaintiff pursuant to **Monell v. Department of Social Services**, 436 U.S. 658 (1978). A

4

municipality may be held liable under § 1983 where its official policies, customs, or persistent practices cause constitutional harm.

20. Upon information and belief, Kootenai County and the Coeur d'Alene Police Department maintained official or de facto policies, including:

   a. Tolerating excessive force against arrestees, even when visibly injured or medically vulnerable;

   b. Failing to ensure timely and adequate emergency medical care to pretrial detainees;

   c. Permitting officers to retaliate against arrestees who protest misconduct or assert their rights;

   d. Failing to discipline or supervise officers engaged in misconduct; and

   e. Maintaining deficient training programs regarding detainee medical needs, booking procedures, and safe custody practices.

21. The unconstitutional conduct of officers, as described in Paragraph 14 and Count I, occurred not in isolation but pursuant to these policies and customs, which have fostered a climate of impunity and disregard for constitutional safeguards.

22. Defendants' deliberate indifference to such patterns is evidenced by:

- Their refusal to intervene or investigate clear misconduct during and after Plaintiff's incident;

- Intimidation of medical professionals attempting to treat Plaintiff; and

- Tolerance of physical violence against visibly injured detainees.

23. These policies and customs were the moving force behind the constitutional violations suffered by Plaintiff, including excessive force, denial of medical care, and retaliatory mistreatment in violation of the Fourth, Eighth, and Fourteenth Amendments.

## COUNT III – Intentional Infliction of Emotional Distress
### (Against All Defendants)

24. Defendants' collective conduct was extreme and outrageous—going beyond the bounds of human decency—especially considering Plaintiff's visible injuries, vulnerable state, and repeated pleas for urgent medical care.

25. Defendants acted with intent or reckless disregard for the likelihood of causing Plaintiff severe emotional distress, including by:
    a. Forcing her to perform roadside tests while concussed and bleeding;
    b. Refusing to allow uninterrupted emergency care;
    c. Intimidating hospital staff;
    d. Denying anesthesia during painful suturing;
    e. Arresting Plaintiff immediately after treatment; and
    f. Physically slamming her head into a wall while she explained her medical limitations.

26. As a direct result of this extreme and outrageous conduct, Plaintiff suffered severe emotional distress, including anxiety, sleep disruption, humiliation, pain-related trauma, and fear of public exposure or retaliation.

27. Plaintiff's distress was foreseeable, given her visible trauma and helpless position in state custody. Defendants' actions were the actual and proximate cause of this injury, entitling her to compensatory and punitive damages.

## COUNT IV – Professional Negligence and Breach of Fiduciary Duty
### (Against Attorney Jeanne Howe)

28. Defendant Jeanne Howe owed Plaintiff a fiduciary and professional duty to diligently represent her legal interests, act according to lawful instructions, and protect her liberty and due process rights under both state and federal law.

29. Despite receiving multiple clear, written instructions to file motions and request a continuance, Attorney Howe willfully or negligently failed to take those actions. As a result, a bench warrant was issued for Plaintiff's

arrest—triggering further police surveillance, home visits, and reputational damage within her community.

30. Attorney Howe's failure was not a mere lapse in judgment, but a breach of her legal and fiduciary obligations. Plaintiff attempted to terminate Howe's services, yet was denied the ability to retain alternate counsel—compounding her distress, legal exposure, and public humiliation.

31. As a proximate result of Howe's misconduct, Plaintiff suffered:
    a. A warrant for arrest;
    b. Harassment of her family, friends and neighbors;
    c. Reputational injury;
    d. Missed court deadlines impairing her defense; and
    e. Severe emotional distress, fear, and humiliation.

32. Defendant Howe's actions constitute legal malpractice and a breach of fiduciary duty under Idaho law, for which Plaintiff seeks damages, including loss of legal protection, personal dignity, and trust.

## VII. DEMAND FOR RELIEF

Plaintiff requests:

1. Compensatory damages;

2. Punitive damages;

3. Declaratory judgment of unconstitutional practices;

4. Injunctive relief to prevent further violations;

5. Attorneys' fees and costs under 42 U.S.C. § 1988;

6. Any other just and proper relief.

## VIII. VERIFICATION

I, Camber Head, declare under penalty of perjury that the foregoing is true and correct.

**Date:** 7/3/25

**Signature:** _Camber Head_

**Camber Head**


## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

**Camber Head,**
 Plaintiff,
 v.

**Kootenai County, Idaho; Coeur d'Alene Police Department; Idaho State Police; M.Lazzareto, C.Culnane, Jeanne Howe, Esq.,**
 Defendants.

**Case No.: [_____]**

### [PROPOSED] ORDER GRANTING JUDGMENT FOR PLAINTIFF

The Court, having reviewed the pleadings and evidence, and finding that Defendants violated Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments in violation of 42 U.S.C. § 1983, and that such violations were committed under color of law and pursuant to official policy or custom, hereby ORDERS:

1. Judgment is entered for Plaintiff Camber Head on her § 1983 claims;

2. Plaintiff is awarded compensatory damages of $200,000,000;

3. Plaintiff is awarded punitive damages of $200,000,000; against individual defendants;

4. Plaintiff is awarded reasonable costs and attorney fees under 42 U.S.C. § 1988.

**IT IS SO ORDERED**.

DATED: _____, 2025.

_____
**U.S. District Judge**
District of Idaho

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of _____, 2025, I served a copy of the following documents:

- Complaint for Damages;

- Civil Cover Sheet;

- Proposed Summonses; and

- Proposed Order for Issuance of Summons

on the Defendants named below by placing copies in a sealed envelope addressed as follows:

- **Kootenai County, Idaho**
  Kootenai County Board of Commissioners, 451 Government Way, Coeur d'Alene, ID 83814,
- **City of Coeur d'Alene**
  **[City Clerk].**                        City of Coeur d'Alene, 710 E. Mullan Avenue, Coeur d'Alene, ID 83814

- **Idaho State Police**
  Attorney General of Idaho, Office of the Attorney General, 700 W. Jefferson Street, Suite 210 Boise, ID 83720-0010
- **Jeanne Howe, Esq.**
  923 N 3rd Street; Coeur d'Alene, Idaho 83814

and deposited said envelope(s) in the United States Mail, with sufficient postage thereon prepaid.

Signed, *Camber Head* 7/3/25

Camber Head,